Per Curiam.
The action is for the price of granite, worked, sold, and delivered by plaintiff to defendant. A construction of the written contract, will decide the dispute between the parties. By that, the plaintiff agreed that they would work for the Twenty-second Regiment Armory building, on trucks, agreeably to the drawings and specifications made by John P. Leo, architect, and signed by the said parties, and. hereto annexed, in a good, substantial and workmanlike manner to the satisfaction and under the direction of the said John P. Leo, and also shall and will find and provide such good, proper and sufficient materials of all kinds whatsoever as shall be proper and sufficient for the completing and finishing, all the granite work per specification and plan, figured on at the office of the company at Millstone Point at this date, of said building mentioned in the specification, for the sum of $12,050.
The appellant contends that for the price named the plaintiff was to furnish all the granite work 'disclosed by *113 the drawings and specifications of John P. Leo, architect. This is not correct, for, by the contract, work upon the granite is to be done in accordance with such plans and specifications, but the granite work to be furnished was such as was described in specification and plan, figured on at the office of the company. In fact there had been such specification and plan figured on at the office, and they were not the same as the drawing and specifications of Leo, being but a part of the latter. The figuring was upon four sheets of paper.
The evidence in the case sustains this construction of the contract, and shows its reasonableness. There was in the contract made a reference to extra work. When the granite had been partly delivered, the defendant agreed in writing “to pay for all extra stone work that has not been called for in plans and specification left at your office, February 15, 1889, at time of making contract, etc.”
The plaintiff fulfilled the contract to furnish granite according to the specification figured, and also furnished other granite work at request of defendant. The defendant contested plaintiff’s right to recover this extra granite, on the ground that the granite work was called for by the plans and specifications of John P. Leo. We have construed the contract otherwise. The plaintiff was entitled to recover upon the balance due under the contract and for the extra work. .
Judgment affirmed, with costs.